UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

BERENICE JIMENEZ, on behalf of herself and all
others similarly situated,

                       Plaintiff,

        -against-

FALKO BAKERY SHOP INC. d/b/a COFFEE
BREAK and JOEL WEISSMAN,

                    Defendants.

-------------------------------------------------------------------- X

**22 Civ. 5327**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Berenice Jimenez ("Plaintiff" or "Jimenez"), by her attorneys Pechman Law Group PLLC, complaining of Defendants Falko Bakery Shop Inc. d/b/a Coffee Break ("Coffee Break") and Joel Weissman (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1.    Jimenez regularly worked over forty hours per workweek as a cook and kitchen helper at Coffee Break, a coffee and sandwich shop located in Brooklyn.  At various points in her employment, Defendants failed to pay Jimenez the statutory minimum wage, the correct amount of overtime wages for weekly hours worked over forty per workweek, and spread-of-hours pay when she worked shifts spanning over ten hours per day.  Moreover, Defendants failed to provide Jimenez with wage statements at the end of each pay period and with a wage notice upon hiring.

2.    Jimenez brings this action to recover from Defendants her unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because the events giving rise to Jimenez's claims occurred at Coffee Break, which is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Berenice Jimenez**

5.      Berenice Jimenez resides in Kings County, New York.

6.      Defendants have employed Jimenez as a cook since approximately January 2018.

**Defendant Falko Bakery Shop Inc.**

7.      Defendant Falko Bakery Shop Inc. is a New York corporation that owns, operates, and does business as Coffee Break, a Brooklyn coffee and sandwich shop located at 683A Myrtle Avenue, Brooklyn, NY 11205.

8.      Coffee Break is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9.      Coffee Break has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     In the three years preceding the filing of this Complaint, Coffee Break has had an annual gross volume of sales in excess of $500,000.

11.     Coffee Break employed at least eleven (11) employees in its Myrtle Avenue location in 2018, 2019, and 2020.

**Defendant Joel Weissman**

12.     Defendant Joel Weissman is an owner of Coffee Break.

13.     Throughout Plaintiff's employment, Weissman had and exercised power over personnel decisions at Coffee Break.

14.     Throughout Plaintiff's employment, Weissman was regularly present at Coffee Break directing the work duties of employees and helping them cook.

15.     Weissman determined and distributed Plaintiff's wages.  For example, Weissman decided whether to give employees raises and their hourly wage rates paid.

16.     Throughout Plaintiff's employment, Weissman determined the hours that employees at Coffee Break worked per workweek, including Plaintiff's hours worked.

17.     Throughout Plaintiffs' employment, Weissman had the power and authority to hire and fire employees at Coffee Break.

18.     Throughout Plaintiffs' employment, Weissman decided to pay employees' wages by check, in cash, and, for some employees, in a combination of both.

19.     Weissman exercised sufficient control over Coffee Break operations to be considered Plaintiff's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

20.     Jimenez worked as a cook and kitchen helper throughout her employment at Coffee Break.  As a cook and kitchen helper, she spent the majority of her workdays cutting ingredients, stirring ingredients in pots and pans, lifting and moving pans and food receptacles, standing, taking dirty pots and utensils to the dishwashing area of Coffee Break, and cleaning her workstation with sanitizing towels and sprays.

21.     From approximately January through April 2018, Defendants paid Jimenez $11 per hour worked, including for hours over forty per workweek.

22.     From approximately May through October 2018, Defendants paid Jimenez $12 per hour worked, including for hours over forty per workweek.

23.     From approximately November through December 2018, Defendants paid Jimenez $13 per hour worked, including for hours over forty per workweek.

24.     From approximately January 2019 through October 2020, Defendants paid Jimenez $13.50 per hour worked, including for hours over forty per workweek.

25.     From approximately November 2020 through April 2022, Defendants paid Jimenez $15.50 per hour worked, including for hours over forty per workweek.

26.     Throughout her employment, until approximately April 9, 2022, Jimenez's work schedule varied from week to week.

27.     On average, however, until April 9, 2022, Jimenez regularly worked from some point between 5:30 a.m. and 7:00 a.m. until a point between 3:00 p.m. and 6:00 p.m., six days per week with two or three days longer than ten hours, for an average of approximately fifty hours per workweek.

28.     For example, for the workweek of May 5 to 11, 2018, Jimenez worked 52.28 hours, equal to the sum of: 9.6 hours on May 6, from 6:00 a.m. to 4:06 p.m.; 10.6 hours on May 7, from 5:59 a.m. to 5:05 p.m.; 10.52 hours on May 8, from 5:59 a.m. to 5:00 p.m.; 11.63 hours on May 9, from 6 a.m. to 6:08 p.m.; and 9.93 hours on May 10, from 6:00 a.m. to 4:26 p.m.

29.     For this workweek, Defendants paid Jimenez $480 by payroll check, equal to $12 per hour times her first forty hours, and approximately $150 in cash, roughly equal to $12 per hour times her 12.28 overtime hours worked.

4

30.     For this workweek, Defendants did not pay Jimenez $39 extra for her three spread-of-hours shifts worked.

31.     For this workweek, Defendants did not provide Plaintiff with a wage statement reflecting her overtime wage rate and total gross wages paid.

32.     For example, for the workweek of December 21 to 27, 2019, Jimenez worked 71.90 hours, equal to the sum of: 12.43 hours on December 22, from 5:56 a.m. to 6:22 p.m.; 13.17 hours on December 23, from 5:50 a.m. to 7:00 p.m.; 11.73 hours on December 24, from 5:47 a.m. to 5:31 p.m.; 10.5 hours on December 25, from 6:00 a.m. to 4:30 p.m.; 13.75 hours on December 26, from 5:53 a.m. to 7:38 p.m.; and 10.32 hours on December 27, from 5:26 a.m. to 3:45 p.m.

33.     For this workweek, Defendants paid Jimenez $540 by payroll check, equal to $13.50 per hour times her first forty hours, and approximately $430 in cash, roughly equal to $13.50 times her 31.90 overtime hours worked.

34.     For this workweek, Defendants did not pay Jimenez $90 extra for her six spread-of-hours shifts worked.

35.     For this workweek, Defendants did not provide Plaintiff with a wage statement reflecting her overtime wage rate and total gross wages paid.

36.     For example, Jimenez worked 45.78 hours in the workweek of November 8 to 14, 2020, equal to the sum of: 6.8 hours on November 8, from 7:42 a.m. to 2:30 p.m.; 10.62 hours on November 9, from 6:30 a.m. to 5:07 p.m.; 9.82 hours on November 10, from 6:04 a.m. to 3:53 p.m.; 9.02 hours on November 11, from 6:30 a.m. to 3:31 p.m.; and 9.53 hours on November 12, from 8:29 a.m. to 4:01 p.m.

37.     For this workweek, Defendants paid Jimenez $540 by payroll check, equal to $13.50 per hour times her first forty hours, and approximately $78 in cash, roughly equal to $13.50 times her 5.78 overtime hours worked.

38.     For this workweek, Defendants did not pay Jimenez $15 more for her spread-of-hours shift worked on November 9.

39.     For this workweek, Defendants did not provide Plaintiff with a wage statement reflecting her overtime wage rate and total gross wages paid.

40.     For example, Jimenez worked 59.90 hours in the workweek of January 30 to February 5, 2022, equal to the sum of: 9.27 hours on January 30, from 7:04 a.m. to 4:20 p.m.; 10.55 hours on January 31, from 6:33 a.m. to 5:06 p.m.; 10.17 hours on February 1, from 6:26 a.m. to 4:36 p.m.; 9.67 hours on February 2, from 6:31 a.m. to 4:11 p.m.; 12.58 hours on February 3, from 6:29 a.m. to 7:04 p.m.; and 7.67 hours on February 4, from 6:32 a.m. to 2:12 p.m.

41.     For this workweek, Defendants paid Jimenez gross wages of $540 by payroll check and $390 in cash, roughly equal to $15.50 per hour for each of her 59.90 hours worked.

42.     For this workweek, Defendants did not pay Jimenez $45 extra for her three spread-of-hours shifts worked.

43.     For this workweek, Defendants did not provide Plaintiff with a wage statement reflecting her hours worked in the workweek or her overtime wage rate paid.

44.     For example, for the workweek of April 3 to April 9, 2022, Plaintiff worked 52.62 hours, equal to the sum of: 8.08 hours on April 3, from 7:10 a.m. to 3:15 p.m.; 10.48 hours on April 4, from 6:38 a.m. to 5:07 p.m.; 9.65 hours on April 5, from 6:41 a.m. to 4:20 p.m.; 12.70 hours on April 6, from 6:44 a.m. to 7:26 p.m.; 7.33 hours on April 7, from 6:40 a.m. to 2:00 p.m.; and 4.38 hours on April 8, from 6:39 a.m. to 11:02 a.m.

45.     For this workweek, Defendants paid Jimenez gross wages of $540 by payroll check and $275 in cash, roughly equal to $15.50 per hour for each of her 52.62 hours worked.

46.     For this workweek, Defendants did not pay Jimenez $30 extra for her two spread-of-hours shifts worked.

47.     For this workweek, Defendants did not provide Plaintiff with a wage statement reflecting her hours worked in the workweek.

48.     On or about April 19, 2022, Jimenez's attorneys sent a demand letter to Defendants explaining that she was not paid her spread-of-hours pay, minimum wages, and overtime wages due throughout her employment.

49.     Defendants did not pay Jimenez's wages for the week of April 10 to 16, 2022, until April 27, 2022, more than seven days after the end of the workweek.

50.     Defendants began to pay Jimenez's wages due, including overtime wages, in the week of April 10, 2022.

51.     Defendants lowered Jimenez's wages to $15 per hour beginning on the pay period of April 10 to 16, 2022.

52.     Defendants still do not pay Jimenez spread-of-hours pay due when she works daily shifts longer than ten hours.

53.     Defendants did not furnish Jimenez with a wage notice at the start of her employment reflecting, among other things, her regular and overtime wage rates paid, her regularly scheduled payday, and the frequency of her wage payments.

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

54.     Plaintiff repeats and incorporates all foregoing paragraphs.

55.     Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

56.     The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

7

57.     The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

58.     Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the NYLL.

59.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

60.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover her unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

61.     Plaintiff repeats and incorporates all foregoing paragraphs.

62.     Defendants are an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and they employ Plaintiff.

63.     Defendants were required to pay Plaintiff one and one-half (1½) times the greater of her regular rate or the full minimum wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

64.     Defendants failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

65.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

66.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

67.     Plaintiff repeats and incorporates all foregoing paragraphs.

68.     Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times her regular rate of pay for all hours worked over forty per workweek.

69.     Defendants failed to pay Plaintiff the overtime wages to which she was entitled to under the NYLL and its supporting regulations.

70.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

71.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

72.     Plaintiff repeats and incorporates all foregoing paragraphs.

73.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which she worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

74.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FIFTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

75.     Plaintiff repeats and incorporates all foregoing paragraphs.

76.     The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

77.     Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants statutory damages and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

### SIXTH CLAIM
### (New York Labor Law – Failure to Provide Wage Notices)

79.     Plaintiff repeats and incorporates all foregoing paragraphs.

80.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

81.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever her rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

82.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages and her reasonable attorneys' fees and costs incurred in this action pursuant to the NYLL § 198(1–b).

## SEVENTH CLAIM
### (NYLL § 191 – Frequency of Payments)

83.     Plaintiff repeats and incorporates all foregoing paragraphs.

84.     Defendant is an employer that is subject to and must abide by the frequency of payments provision of the NYLL.

85.     Defendant paid Plaintiff's wages due for the week of April 10 to 16, 2022, on April 27, 2022, more than seven days after the end of the workweek.

86.     Throughout her employment as a cook, Plaintiff spent more than 25% of her working time performing work tasks that were physical in nature.

87.     Plaintiff is a "manual worker" within the meaning of NYLL § 191(1)(a)(i).

88.     By paying Plaintiff her wages due on the week ending April 16, 2022, on April 27, 2022, Defendant paid Plaintiff her earned wages "later than seven calendar days after the end of the week in which the wages were earned."  N.Y. Lab. L. § 191(1)(a).

89.     As a result, Plaintiff is entitled to recover liquidated damages equal to the full amount of her wages paid later than seven days after the end of the workweek.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      declare that Defendants violated the minimum wage provisions of the NYLL and NYDOL regulations;

b.      declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

c.      declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

       d.       declare that Defendants' violations of the FLSA and the NYLL were willful;

       e.       enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

       f.       award Plaintiff damages for unpaid minimum, overtime, and spread-of-hours wages;

       g.       award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL and for late wage payments;

       h.       award Plaintiff pre- and post-judgment interest under the NYLL;

       i.       award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

       j.       award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      September 7, 2022

                     PECHMAN LAW GROUP PLLC

                     By: _____
                       Louis Pechman
                       Gianfranco J. Cuadra
                       Pechman Law Group PLLC
                       488 Madison Avenue - 17th Floor
                       New York, New York 10022
                       (212) 583-9500
                       pechman@pechmanlaw.com
                       cuadra@pechmanlaw.com
                       *Attorneys for Plaintiff*